## Kasarda's Petition

*Daniel Flood,* for Commonwealth.

*Roscoe B. Smith* and *Michael Mitchell,* for petitioner.

COUGHLIN, J., February 7, 1936.—This appeal is taken under section 404 of the amending Act of July 18, 1935, P. L. 1246. This section provides for appeal by petition to the court of quarter sessions. The appellant, John Kasarda, on November 20, 1935, filed with the Pennsylvania Liquor Control Board at Harrisburg his application for a restaurant liquor license, he having held one for the year 1935. It is, in effect, an application for an extension for the year 1936. The application was made under section 401 (*a*) of the Liquor Control Act of November 29, 1933, P. L. 15, as amended. The section gives the board authority to issue liquor licenses for any premises kept or operated by a hotel, restaurant or club. Such a license permits the sale of liquor purchased from the Pennsylvania liquor stores and also the sale of malt liquors to guests, patrons or members, for consumption on the premises. The fees provided for under section 402 of the act accompanied the petition.

Section 403 of the Liquor Control Act of 1933 provides that upon receipt of the application and the proper fees and bond, all of which were complied with in the case at bar, the board shall grant the applicant a license, "upon being satisfied of the truth of the statements in the application, and that the applicant seeks a license for a hotel, restaurant or club as defined in this act." As to this section, the amending Act of 1935 adds a provision that the board shall license "upon being satisfied of the truth of the statements in the application, and that the applicant is a person of good repute."

It is to be noted that the board is to be satisfied that the applicant seeks a license for a restaurant as defined in the act. Under article I, sec. 2, of the Act of 1933 "restaurant" is defined as follows:

" 'Restaurant' shall mean a reputable place, operated by responsible persons of good reputation, and habitually and principally used for the purpose of providing meals for the public; the place to have an area within a building of not less than five hundred square feet, equipped with tables and chairs accomodating at least fifty persons at one time, and a kitchen, apart from such area, regularly used for the preparation of food for the public and in which at least three persons are regularly employed in the preparation of meals or work incidental thereto."

Attention is called to the fact that in the amending Act of 1935, under article I, sec. 2, thereof, the definition of "restaurant" is in some particulars amended. It provides these changes: "food" is substituted for the word "meals"; "four hundred square feet" is substituted for "five hundred square feet"; "thirty" persons is substituted for "fifty", and the following words are stricken out, "and a kitchen, apart from such area, regularly used for the preparation of food for the public in which at least three persons are regularly employed in the preparation of meals or work incidental thereto."

The board refused the applicant's petition for a license, not because it was shown he was other than reputable, not because the premises were not in conformity with the statute, as amended, and not for any failure to comply with the provisions of the statute. The license was refused on the ground that the applicant sought a license for a restaurant as defined under the Liquor Control Act when, as a matter of fact, it was not such a restaurant, and the reason upon which they base their contention is that it did not comply with the definition under the Act of 1935 in that it was not a place that was habitually and principally used for the purpose of providing food for the public.

Much evidence was taken upon the nature of the business conducted upon the premises, covering the proportion of the proceeds of the sale of food to the amount taken in from the sale of beer and liquor. The court has the right to exercise its sound and judicial discretion in sustaining the board: Raschiatore's Appeal, 19 Westm. 285; and the provisions of the statute must be complied with: Browne's Application, 22 D. & C. 128. Upon an appeal like the present from the refusal of the board to grant an applicant a restaurant liquor license, where insufficient reason appears for the refusal the appeal will be sustained and an order made by the court directing the issuing of the license: Scheller's Appeal, 35 Lack. Jur. 83. Where the evidence on appeal discloses that the applicant was a responsible person and that both he and the hotel bore good reputations the court may set aside the refusal of the board, where the basis of their action is a conclusion contrary to that disclosed by the testimony on appeal: In re Refusal of Liquor License at Atwood Hotel, 14 Wash. Co. 74. Where there is ample evidence justifying the board in refusing an application, the board will be sustained: Privol's Appeal, 20 D. & C. 163.

Apparently there was an intention upon the part of the legislature in the first instance, and we assume such intent continued, not only to authorize the grant of a license for saloon purposes, but to permit, under license, the sale by hotels, restaurants and clubs, etc., of liquor and beer. From the evidence it would appear that the charges in the present case were reduced to 10 cents and 5 cents, respectively, for liquor and beer, as a result of which the greater portion of the business became not a food business but a beverage business. A certain discretion is placed in the Liquor Control Board, but not the control of prices. The question of a proper and fine adjustment between these two kinds of business is a matter upon which discretion under the statute is to be based. But in the present case, where the applicant is reputable, and the place of business complies with the statute and is located upon

the main business street of a large city, and patrons appear to testify that food was sold upon the premises and meals could be obtained, it would appear that to refuse to renew the license of the applicant was arbitrary, when it is considered that the refusal depended upon the report of a brief examination of the premises on two occasions, without hearing.

Therefore, the order of the board is reversed and it is directed that said license issue.